**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DAVID M. BEDWELL,**

       **Plaintiff**,

**v.**                                       **Civil Action No. 3:08-CV-149
(BAILEY)**

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**

       **Defendant**.

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

On this day, the above-styled matter came before the Court for consideration of the

Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 20]

and the defendant's Objections [Doc. 23].  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court

is required to make a *de novo* review of those portions of the Magistrate Judge's findings

to which objection is made.  A failure to file objections, however,  permits the district court

to review the recommendation under the standards that the district court believes are

appropriate.  Under these circumstances, the parties' right to *de novo* review is waived.

*See* **Webb** v. **Califano**, 486 F.Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court will

conduct a *de novo* review only as to the portions of the report and recommendation to

which the defendant objected.  The remaining portions of the report and recommendation

will be reviewed for clear error.  As a result, it is the opinion of the Court that the

**Magistrate Judge's Report and Recommendation [Doc. 20]** should be, and is,

**ORDERED ADOPTED**.

<u>**BACKGROUND**</u>

On October 8th, 2008, Plaintiff filed his Complaint [Doc. 1] seeking judicial review of an unfavorable decision by the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3). By standing order of the Court, this case was referred to the United States Magistrate Judge David J. Joel for proposed findings of fact and a recommended disposition. Thereafter, the parties filed their respective motions for summary judgment. [Doc. 16; Doc. 18].

In support of his motion, Plaintiff argued that the Administrative Law Judge ("ALJ") erred in finding that substantial evidence supported the Commissioner's decision that Plaintiff was not disabled under the Social Security Act ("the Act"). [Doc. 17 at 2]. Specifically, Plaintiff contested the ALJ's evaluation of his Residual Functional Capacity ("RFC"), arguing that the ALJ misapplied Medical-Vocational Rules, failed to provide vocational expert ("VE") testimony, and gave inadequate weight to the opinions of treating physicians. [Doc. 17 at 3-6]. Finally, Plaintiff argued that the ALJ erroneously disregarded evidence of Plaintiff's subjective allegations of pain and his treating sources in determining whether his conditions qualified under the Listed Impairments outlined in the Act. *See* 20 C.F.R. 404, Subpart P, Appendix 1. [Doc. 17 at 6-11].

In response, the defendant argued in support of his motion that substantial evidence supported the ALJ's decision that Plaintiff failed to prove he was disabled under the Act. [Doc. 19 at 6]. Specifically, the defendant contended that the ALJ conducted a proper RFC

assessment that found only exertional limitations, which, therefore, precluded the ALJ from taking VE testimony. [Doc. 19 at 7-8]. The defendant also argued that the ALJ's finding was correct that Plaintiff's subjective complaints of pain were unconvincing when viewed in light of the objective medical evidence on record. [Doc. 19 at 8-12]. Finally, the defendant contended that the ALJ properly disqualified Plaintiff from coverage under the "severe impairment" listings of the Act. [Doc. 19 at 12-14]

Upon consideration of the above, Magistrate Judge Joel found that the ALJ did not err in concluding that substantial evidence supported a finding that Plaintiff was not disabled under the Act. [Doc. 20 at 30]. The Magistrate Judge reasoned that the ALJ correctly determined that Plaintiff had no "severe impairments" or "listed impairments" that would necessitate a disability determination. [Doc. 20 at 8-14]. Magistrate Judge Joel also found that the ALJ's RFC assessment properly included both subjective and objective medical evidence and that the ALJ applied the Medical-Vocational Rules without error. [Doc. 20 at 16-30].

## **PETITIONER'S OBJECTIONS**

On July 6, 2009, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation ("R&R"). [Doc. 23]. Therein, Plaintiff objects on the following grounds: (1) the Magistrate Judge erred in finding that Plaintiff's heel spurs did not qualify as a "severe impairment" under the Act because they did not significantly limit Plaintiff's ability to do basic work activities; (2) the Magistrate Judge erred in finding that Plaintiff failed to meet the impairment criteria as outlined in Listing 1.04, Disorder of the Spine; (3) the Magistrate Judge erred in finding that Plaintiff failed to meet the impairment criteria as outlined in Listing 1.02, Major Dysfunction of the Joints; (4) the Magistrate Judge erred in

3

finding that Plaintiff failed to meet the impairment criteria as outlined in Listing 12.04, Affective Disorders; (5) the ALJ improperly assessed Plaintiff's RFC by failing to incorporate VE testimony and by disregarding Plaintiff's subjective allegations of pain and exertional/non-exertional limitations; (6) the ALJ ignored objective medical evidence that corroborates Plaintiff's subjective allegations of pain; (7) the ALJ selectively disregarded objective medical evidence from treating sources; and (8) the ALJ attributed too much weight to State Agency Physicians, when equal or greater weight should have been attributed to Plaintiff's treating physicians. This Court will address each of Plaintiff's objections in turn:

1.      Regarding Plaintiff's first objection, that the ALJ improperly disqualified Plaintiff's heel spurs as a "severe impairment," the Court concurs with the finding of the Magistrate Judge. Per the Social Security Act's standard for disability, an impairment is not severe if it does not significantly limit one's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c); *see also* 20 C.F.R. § 404.1521; *see also* **Luckey v. U.S. Dept. Of Health & Human Services**, 890 F.2d 666 (4th Cir. 1989). Plaintiff argues that his heel spurs qualify as a "severe impairment" because they substantially affect his ability to stand for "any length of time," thus limiting his employment to sedentary vocations. [Doc. 23 at 1]. Plaintiff, however, provides scant objective evidence in support of this claim. Most notably, as the Magistrate Judge cited, "[t]he ALJ found that there was no evidence to establish that Plaintiff had any residuals from this impairment that would affect his ability to perform work related functions." [Doc. 20 at 7]. Further, the R&R adds that Plaintiff's physician determined Plaintiff's heel spurs were not only reparable, but were aggravated

by standing only in situations of over-exertion. [Doc. 20 at 7-8]. Following this diagnosis in June 1989, Plaintiff chose not to receive further treatment and failed to seek medical assistance to alleviate the pain of his heel spurs. The R&R also found that "Plaintiff did not submit further evidence of a residual heel spur injury" after the physician's initial report. [Doc. 20 at 8]. In conjunction with the above, this Court is of the opinion that Plaintiff's failure to pursue any treatment options together with the lack of objective medical evidence proffered in support of his claim undermine Plaintiff's contention that his heel spurs qualify as a "severe impairment." Accordingly, this Court finds Plaintiff's first objection unpersuasive and agrees with the Magistrate Judge that Plaintiff's heel spurs do not significantly limit his physical or mental ability to do basic work activities. Plaintiff's objection on this ground, therefore, should be **OVERRULED**.

2.      Plaintiff's objection that the Magistrate Judge erred in finding that Plaintiff failed to meet the impairment criteria described in Listing 1.04 (Disorder of the Spine) is without merit. As outlined in the Act's standard for disability, to meet the requirements of a listing, Plaintiff must have a medically determinable impairment that satisfies all of the criteria in the listing. *See* 20 C.F.R. § 404.1523(a). Plaintiff argues that objective medical evidence and his subjective allegations of pain are sufficient to satisfy Listing 1.04. [Doc. 23 at 1-2]. Under the C.F.R., however, and as the R&R illustrates, Listing 1.04 requires that Plaintiff's spinal injury be accompanied by symptoms beyond those which Plaintiff has established;

> Listing 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-

5

anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

1.00B2b: (1) Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

(2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail.

20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.00 & 1.04.  [Doc. 20 at 8-10].

In his assessment of Plaintiffs condition, the ALJ found that Plaintiff does, in fact, suffer from herniated nucleus pulposes, which is contained in Listing 1.04, but emphasized that in order to meet Listing 1.04, the condition must be accompanied by motor loss and sensory reflex loss. [Id.]. Neither the ALJ nor the Magistrate Judge found any indication in the record that Plaintiff is able to establish these adverse effects as a result of his impairment. [Doc. 20 at 10-11]. In addition, the ALJ found that Plaintiff was properly diagnosed with a herniated disc, but noted that satisfaction of Listing 1.04 requires that the condition be accompanied by spinal arachnoiditis or lumbar spinal stenosis resulting in the inability to ambulate effectively. [Id.]. The ALJ similarly concluded that "Plaintiff's herniated disc is *not* accompanied by spinal arachnoiditis or lumbar spinal stenosis resulting in the inability to ambulate effectively." [Doc. 20 at 10]. As a result, the ALJ determined, and the Magistrate Judge agreed, the absence of these resulting impairments precluded Plaintiff from satisfying Listing 1.04. [Id.].

In direct objection to these conclusions, Plaintiff complains that his condition should be reevaluated because his condition worsened and because his treating physicians recommended pain management. [Doc. 23 at 2]. While the ALJ did incorporate these factors in its evaluation, it ultimately found Plaintiff's impairments pertaining to Listing 1.04 to be "mild" and unchanged since diagnosis. [Doc. 20 at 10-11]. The Magistrate Judge states in his R&R that the ALJ considered an MRI taken on April 28, 2000, and found that "[t]here have been no changes from a previous MRI scan in 1997." [Id.]. The Magistrate Judge recommends, therefore, that Plaintiff's condition not be reevaluated, and this Court adopts this recommendation.

Supported by the foregoing, this Court agrees with the finding of the Magistrate

Judge that Plaintiff failed to prove his injury fully satisfies the elements in Listing 1.04.

Thus, Plaintiff is not entitled to a disability determination pursuant to Listing 1.04, and his

objection on this ground should be **OVERRULED**.

3.      Plaintiff's objection that the Magistrate Judge erred in finding that Plaintiff failed to

meet the impairment criteria as outlined in Listing 1.02 (Major Dysfunction of the Joints)

is likewise without merit.  Plaintiff argues that his impairment fulfills the listing requirements

under Listing 1.02, which,  thereby necessitates a disabled finding. [Doc. 23 at 2-3].  As

described above, however, the Act requires that Plaintiff completely satisfy the criteria in

the impairment Listing in order to qualify for disability pursuant thereto.  *See* 20 C.F.R. §

404.1523(a).  To satisfy Listing 1.02, Plaintiff must establish:

> Listing 1.02 Major dysfunction of a joint(s) (due to any
> cause): Characterized by gross anatomical deformity (e.g.,
> subluxation, contracture, bony or fibrous ankylosis, instability)
> and chronic joint pain and stiffness with signs of limitation of
> motion or other abnormal motion of the affected joint(s), and
> findings on appropriate medically acceptable imaging of joint
> space narrowing, bony destruction, or ankylosis of the affected
> joint(s). *With:*
>
> A. Involvement of one major peripheral weight-bearing joint
> (i.e., hip, knee, or ankle), resulting in inability to ambulate
> effectively, as defined in 1.00B2b; or
>
> B. Involvement of one major peripheral joint in each upper
> extremity (i.e., shoulder, elbow, or wrist-hand), resulting in
> inability to perform fine and gross movements effectively, as
> defined in 1.00B2c.
>
> 1.00B2c: What we mean by inability to perform fine and
> gross movements effectively. Inability to perform fine and
> gross movements effectively means an extreme loss of
> function of both upper extremities; i.e., an impairment(s) that
> interferes very seriously with the individual's ability to
> independently initiate, sustain, or complete activities. To use
> their upper extremities effectively, individuals must be capable

of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Therefore, examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level.

20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.02(B). *See also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.00 & 1.02. Plaintiff argues specifically that he meets the requirements of Listing 1.02, due in part to his inability to perform "fine and gross movements effectively" as defined above. [Doc. 23 at 2-3]. Contrary to this claim, though, both the ALJ and the Magistrate Judge determined that Plaintiff failed to qualify for disability under Listing 1.02 because the evidence overwhelmingly disproved Plaintiff's claim that he could not perform "fine and gross movements effectively." [Doc. 20 at 12-13.] In support of this conclusion, the ALJ noted that Plaintiff engaged in activities subsequent to his injuries that belie his claim. Following Plaintiff's shoulder injury in January 1988, and his back injury in 1989, Plaintiff: (1) rebuilt an automobile engine; (2) constructed an 8' x 8' storage barn; and (3) consistently carried out exertional household activities, including: vacuuming, mowing the grass, buying groceries, unloading the dishwasher, driving, sweeping the floors, and preparing meals. [Id.]. As the Magistrate Judge notes, the C.F.R. "provides examples of the inability to perform fine and gross movements effectively, [which include] the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level." [Doc. 20 at 13]. Plaintiff concedes that he participated in these activities, but posits that the ALJ neglected to consider the decelerated pace at which these

activities were carried out by Plaintiff. [Doc. 23 at 3]. This Court, however, finds this objection baseless as there is no indication or testimony that supports the claim that Plaintiff completed said tasks in a slower than average manner.

Upon careful review of the record, this Court concurs with the Magistrate Judge that Plaintiff's shoulder injury does not satisfy the requirements of Listing 1.02 and, therefore, fails to establish disability. Accordingly, Plaintiff's objection on this ground should be **OVERRULED**.

4. This Court finds the Plaintiff's objection, that the Magistrate Judge erred in finding that Plaintiff failed to meet the impairment criteria in Listing 12.04, unpersuasive. Plaintiff argues that objective evidence of his anxiety and depression satisfies the criteria described in Listing 12.04(a) and 12.04(b)[Doc. 23 at 3-4]; however, before he can qualify for disability under Listing 12.04, Plaintiff must first establish that he suffered the impairment while insured under the Social Security Program. *See* 42 U.S.C. § 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101(a), 404.131(a). Per the Act, "Your insured status [under the social security program] is a basic factor in determining if you are entitled to . . . disability insurance benefits or to a period of disability." 20 C.F.R. § 404.101(a); *see also* 20 C.F.R. § 404.131(a). Plaintiff was last insured by Social Security on September 30, 1998. [Doc. 19 at 3]. He supplies no evidence that he suffered from an affective disorder prior to this date. The Magistrate Judge noted that "Plaintiff needs to prove that he suffered from the impairment of depression on or before September 30, 1998" and "there is no evidence that Plaintiff suffered from depression prior to his last insured date." [Doc. 20 at 14]. As such, even if objective medical records support the current existence of Plaintiff's affective disorders, there is no indication that Plaintiff's depression or anxiety existed while he was

10

covered by Social Security.  Consequently, the Court concurs with the Magistrate Judge's finding that substantial evidence supports the ALJ's decision that Plaintiff did not meet the criteria for Listing 12.04 prior to the expiration of his insurance.  Plaintiff, therefore, is not entitled to a disability determination pursuant to Listing 12.04.  In accord with the above, this objection should be **OVERRULED**.

5.      Plaintiff argues in his fifth objection that the ALJ improperly assessed Plaintiff's RFC by applying Medical-Vocational Rules (Grids) without taking vocational expert testimony. [Doc. 23 at 5-6].  This objection is without merit.  The application of the Medical-Vocational Rules (Grids) does not require the use and consideration of vocational expert testimony in cases where Plaintiff suffers only from exertional impairments.  *See **Smith v. Schweiker***, 719 F.2d 723, 725 (4th Cir. 1984); ***Grant v. Schweiker***, 699 F.2d 189, 192 (4th Cir. 1983). *See also* 20 C.F.R. 404.1569a(b).  After their respective analyses, both the ALJ and the Magistrate Judge found that substantial evidence supports the conclusion that Plaintiff did not have any non-exertional limitations as of his last insured date of September 30, 1998. [Doc. 20 at 30]. Specifically, the Magistrate Judge concluded that: (1) the ALJ correctly applied section 202.21 of the Medical Vocational Grids to Plaintiff; (2) VE testimony is unnecessary in cases dealing with only exertional limitations; and (3) the ALJ's determination that Plaintiff could perform light exertional work is supported by substantial evidence. *See **Hays v. Sullivan***, 907 F.2d 1453 (4th Cir. 1990).  [Doc. 20 at 29-30].  Thus, in the instant case,  the taking of VE testimony is rendered unnecessary and the application of the Medical-Vocational Grids is deemed proper.  *See* 20 C.F.R. 404.1569a(b).  In accordance with the Magistrate Judge's recommendation, this Court finds Plaintiff's fifth

objection unpersuasive. Plaintiff's objection on this ground should, therefore, be **OVERRULED**.

6.      In evaluating Plaintiff's sixth objection, that the ALJ ignored Plaintiff's subjective allegations of pain, this Court finds this objection unfounded and adopts the recommendation of the Magistrate Judge. Under the C.F.R., statements alone will not lead to a conclusion that one is disabled; objective evidence must corroborate the claimant's subjective allegations of pain. *See* 20 C.F.R. 404.1529(a). The ALJ concluded that all of Plaintiff's subjective complaints of pain were considered, but some were inconsistent with the objective medical evidence because: (1) Plaintiff received only conservative medical treatment; (2) Plaintiff took pain medication only three to four times a week; (3) Plaintiff testified that he had not made an appointment with a physician in over a year and a half; and (4) Plaintiff performed numerous exertional daily activities. [Doc. 20 at 16-18]. The Magistrate Judge likewise found these facts to undermine the credibility of Plaintiff's subjective allegations of pain, stating, "The ALJ found that Plaintiff's use of conservative measures to treat his pain and his level of activity support the finding the Plaintiff can perform light work." [Doc. 20 at 18]. This Court agrees. As evidenced by Plaintiff's actions described in the record, this Court finds Plaintiff's subjective allegations of pain inconsistent with the objective evidence. And, notwithstanding these inconsistencies, this Court is of the opinion that all of Plaintiff's subjective allegations of pain corroborated by objective medical evidence were properly reviewed by the ALJ and Magistrate Judge. Therefore, this Court affirms the ALJ's RFC finding that Plaintiff can perform light work, and that this conclusion was properly reached through the inclusion of all Plaintiff's supported allegations of pain. As a result, this objection should be **OVERRULED**.

7.     Plaintiff contends in his seventh objection that the ALJ selectively disregarded objective medical evidence from treating sources in assessing his RFC. [Doc. 23 at 7-8]. This Court overrules this objection and agrees with the conclusion of the R&R.  As outlined in the C.F.R., the RFC is assessed by the ALJ only after he reviews all relevant evidence of a claimant's impairments and related symptoms.  *See* 20 C.F.R. § 404.1527(b).  Further, the C.F.R. states, "in deciding whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive." 20 C.F.R. § 404.1527(b).  In his assessment of Plaintiff's RFC, the ALJ reviewed all of Plaintiff's evidence, including the impairments, pain symptoms, physical and mental limitations, and pertinent medical evidence in the record. [Doc. 20 at 15].  The Magistrate Judge noted in his R&R that "[t]he ALJ reviewed Plaintiff's entire medical history, including before the alleged disability date of October 21, 1993, and after the date last insured of September 30, 1998." [Doc. 20 at 18-19].  Subsequent to the ALJ's review of the record, in his R&R, the Magistrate Judge exhaustively examined the ALJ's findings and determined that the ALJ correctly evaluated Plaintiff's RFC.  [Doc. 20 at 16-24].  After its review of the record, this Court finds that the Magistrate Judge and the ALJ properly determined that Plaintiff has the capacity to perform light work.  This Court finds also that neither the Magistrate Judge nor the ALJ disregarded any substantive medical evidence from Plaintiff's treating sources in their evaluations of his condition.  Plaintiff's objection, therefore, should be **OVERRULED**.

8.     Plaintiff asserts in his final objection that the ALJ weighed the opinions of State Agency Physicians too heavily, when greater or equal weight should have been attributed to treating physicians.  [Doc. 23 at 8-9].  This Court overrules this objection and adopts the

recommendation of the Magistrate Judge. Under the C.F.R. rules, "[u]nless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant . . . ." 20 C.F.R. § 404.1527(f)(2)(ii). The Magistrate Judge explicitly addressed this obligation in his R&R and determined that the ALJ correctly incorporated the opinions of both State Agency Physicians and Plaintiff's treating sources. [Doc. 20 at 23-24]. The R&R reasoned that the "light work" determination properly reflected the medical evidence from Plaintiff's treating sources, noting "the ALJ found that 'the duration and intensity of the claimant's alleged pain and other symptoms [were] adequately addressed and accommodated in the [] residual functional capacity' (i.e. light work)." [Doc. 20 at 24]. The Magistrate Judge also concluded that Plaintiff's treating sources were, in fact, given adequate weight in Plaintiff's RFC assessment, which was evidenced by the resulting decrease in Plaintiff's work capacity: "the ALJ did consider Plaintiff's testimony and the medical evidence to conclude that he could only perform light work, as opposed to his prior employment as a forklift operator and process technician, which was categorized as heavy-exertional work." [Doc. 20 at 23-24]. Both the ALJ and the Magistrate Judge found the decrease in Plaintiff's RFC to be attributed to the weight of Plaintiff's treating sources. In light of the above, this Court is of the opinion that the entire ambit of medical evidence in the record was properly included in Plaintiff's RFC assessment, and that the weight given to State Agency Physicians and Plaintiff's treating sources was properly balanced.

Therefore, this Court agrees with the decision of the Magistrate Judge that all objective medical evidence, including that from Plaintiff's treating sources, was given proper weight in determining his RFC. Plaintiff's objection on this ground, therefore, should be

**OVERRULED**.

**CONCLUSION**

Accordingly, based upon the foregoing, it is the opinion of this Court that all of the Plaintiff's Objections **[Doc. 23]** should be, and the same hereby are, **OVERRULED**. As such, the Magistrate Judge's Report and Recommendation **[Doc. 20]** is **ORDERED ADOPTED**. Further, the Defendant's Motion for Summary Judgment **[Doc. 18]** is hereby **GRANTED** and the Plaintiff's Motion for Summary Judgment **[Doc. 16]** is **DENIED**; therefore, this matter is hereby **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** August 10, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE